UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DELMY JUDITH LOPEZ ZEPEDA, individually and on behalf
of all others similarly situated,

                            Plaintiff,          **COLLECTIVE ACTION COMPLAINT**

     -against-

HALFTIME BAR & GRILL CORP. d/b/a TRYSEAFOOD BAR     **JURY TRIAL REQUESTED**
& GRILL and REGINA MENDEZ, as an individual,

                           Defendants.
------------------------------------------------------------------------X

Plaintiff, **DELMY JUDITH LOPEZ ZEPEDA**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, bring this action against **HALFTIME BAR & GRILL CORP. d/b/a TRYSEAFOOD BAR & GRILL and REGINA MENDEZ, as an individual,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 753 Franklin Ave., Franklin Square, NY 11010.

2. Plaintiff also complains pursuant to the New York State Human Rights Law, New York State Executive Law §§ 296 *et seq.* ("NYSHRL") and seeks damages to redress the injuries Plaintiff has suffered as a result of being sexually harassed, sexually assaulted and discriminated against by Defendants.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff DELMY JUDITH LOPEZ ZEPEDA residing at 899 Front St., Hempstead, NY 11550, was employed by HALFTIME BAR & GRILL CORP. d/b/a TRYSEAFOOD BAR & GRILL from in or around April 2021 until in or around December 2021.

9. Defendant, HALFTIME BAR & GRILL CORP. d/b/a TRYSEAFOOD BAR & GRILL is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located 753 Franklin Ave., Franklin Square, NY 11010.

10. Upon information and belief, Defendant REGINA MENDEZ is the owner of HALFTIME BAR & GRILL CORP. d/b/a TRYSEAFOOD BAR & GRILL.

11. Upon information and belief, Defendant REGINA MENDEZ is an agent of HALFTIME BAR & GRILL CORP. d/b/a TRYSEAFOOD BAR & GRILL.

12. Upon information and belief, REGINA MENDEZ is responsible for overseeing the daily operations of HALFTIME BAR & GRILL CORP. d/b/a TRYSEAFOOD BAR & GRILL.

13. Upon information and belief, REGINA MENDEZ has power and authority over all the final personnel decisions of HALFTIME BAR & GRILL CORP. d/b/a TRYSEAFOOD BAR & GRILL.

14. Upon information and belief, REGINA MENDEZ has the power and authority over all final payroll decisions of HALFTIME BAR & GRILL CORP. d/b/a TRYSEAFOOD BAR & GRILL, including the Plaintiff.

15. Upon information and belief, REGINA MENDEZ has the exclusive final power to hire the employees of HALFTIME BAR & GRILL CORP. d/b/a TRYSEAFOOD BAR & GRILL, including the Plaintiff.

16. Upon information and belief, REGINA MENDEZ has exclusive final power over the firing and terminating of the employees of HALFTIME BAR & GRILL CORP. d/b/a TRYSEAFOOD BAR & GRILL, including Plaintiff.

17. Upon information and belief, REGINA MENDEZ is responsible for determining, establishing, and paying the wages of all employees of HALFTIME BAR & GRILL CORP. d/b/a TRYSEAFOOD BAR & GRILL, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

18. Accordingly, at all relevant times hereto, Defendant REGINA MENDEZ was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

19. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that HALFTIME BAR & GRILL CORP. d/b/a TRYSEAFOOD BAR & GRILL (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
### i. Wage and Hour Allegations

20. Plaintiff DELMY JUDITH LOPEZ ZEPEDA was employed by HALFTIME BAR & GRILL CORP. d/b/a TRYSEAFOOD BAR & GRILL, as a cook and food preparer while performing related miscellaneous duties for the Defendants, from in or around April 2021 until in or around December 2021.

21. Plaintiff DELMY JUDITH LOPEZ ZEPEDA regularly worked six (6) days per week from in or around April 2021 until in or around December 2021.

22. Plaintiff worked six (6) days per week from September 2021 until in or around December 2021.

23. Throughout Plaintiff DELMY JUDITH LOPEZ ZEPEDA's employment with the defendants, Plaintiff regularly worked the following schedule of shifts:
    i. beginning at approximately 12:00 p.m. each workday and regularly ended at approximately 10:30 p.m., or later, every Monday;
    ii. beginning at approximately 11:00 a.m. each workday and regularly ended at approximately 11:30 p.m., or later, every Tuesday and Wednesday;
    iii. beginning at approximately 11:00 a.m. each workday and regularly ended at approximately 12:30 a.m., or later, every Friday and Saturday; and
    iv. beginning at approximately 12:00 p.m. each workday and regularly ended at approximately 10:00 p.m., or later, every Sunday.

24. Thus, Plaintiff was regularly required to work seventy-two-and-a-half (72.5) hours or more hours, from in or around April 2021 until in or around December 2021.

25. Plaintiff DELMY JUDITH LOPEZ ZEPEDA was paid by Defendants:
    i. approximately $10.00 per hour for all hours worked from in or around April 2021 until in or around August 2021; and
    ii. a flat weekly salary of approximately $700.00 per week from in or around September 2021 until in or around December 2021.

26. Although Plaintiff regularly worked seventy-two-and-a-half (72.5) hours or more hours, from in or around April 2021 until in or around December 2021 each week during his employment by the Defendants, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

27. Further, Defendants failed to pay Plaintiff DELMY JUDITH LOPEZ ZEPEDA the legally prescribed minimum wage for all her hours worked from April 2021 until August 2021, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

28. Additionally, Plaintiff DELMY JUDITH LOPEZ ZEPEDA worked in excess of ten (10) or more hours per day approximately six (6) days a week from in or around April 2021 until in or around December 2021, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.
29. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
30. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
31. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of her applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).
32. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).
33. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

### ii.     Sexual Harassment and Discrimination Allegations

34. On Plaintiff's final day of employment for Defendants in December 2021, Defendant Regina Mendez' husband, known to Plaintiff as Mr. H, sexually harassed and assaulted Plaintiff.
35. Mr. H also owned and operated the restaurant with Defendant Regina Mendez and Plaintiff understood Mr. H to be her boss and supervisor.
36. On Plaintiff's final day of employment, resulting in her quitting the job, Mr. H sexually assaulted Plaintiff in the backroom of the business.
37. Mr. H pulled down his pants and demanded that Plaintiff perform oral sex on him.
38. Mr. H grabbed Plaintiff's hand and attempted to make her touch his genitals.

39. Plaintiff recorded a portion of this assault and immediately confronted Defendant Mendez about her husband sexually assaulting her in the workplace.
40. Plaintiff also called the police to report the harassment.
41. In retaliation and upon learning that her husband, Mr. H, sexually assaulted the Plaintiff, Defendant Mendez physically attacked and assaulted Plaintiff.
42. Defendant Mendez is now facing criminal charges for the assault on Plaintiff.
43. Plaintiff was subjected to and suffered discriminatory treatment and sexual harassment and assault solely due to her gender/sex (female).
44. Mr. H targeted Plaintiff as she was a female employee of the business.
45. As such, Plaintiff's work environment was permeated with hostility due to her gender/sex.
46. Defendants unlawfully, knowingly, and willfully discriminated against, sexually harassed and assault Plaintiff based on her gender/sex by subjecting to sexual harassment, assault and unwelcome sexual advances, and demand for sex in violation of the NYSHRL.
47. As a result of the aforementioned acts and conduct complained of, Plaintiff feels extremely humiliated, degraded, victimized, belittled, and emotionally distressed.
48. Plaintiff has been unlawfully sexually harassed and sexually assaulted in the workplace by Defendants, and as a result, suffers a violation of her rights, emotional distress, loss of income/earnings, loss of salary, loss of benefits, legal fees and expenses, economic hardship, inconvenience, and emotional pain and suffering.
49. Defendants' conduct has been malicious, willful, outrageous, illegal and conducted with full knowledge of the law.
50. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff brings her wage and hour claims in this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

52. Collective Class: All persons who are or have been employed by the Defendants as cooks and food preparers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

53. Upon information and belief, Defendants employed 10 to 20 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

54. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

55. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

56. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

57. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

58. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

59. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

60. The claims of Plaintiff are typical of the claims of the whole putative class.

61. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

62. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

63. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
64. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.
65. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.
66. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
67. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
68. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.
69. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

71. At all times relevant to this action, Plaintiff were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

72. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

73. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

74. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

75. At all relevant times, Defendants failed to pay Plaintiffs the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

76. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective Plaintiffs.

77. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

78. Plaintiff re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

79. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

80. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

81. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

82. Defendants failed to credit or compensate Plaintiffs the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

83. Defendants failed to pay Plaintiffs the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3, et. Seq.

84. Due to Defendants' NYLL violations, Plaintiffs is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
**Spread of Hours Compensation Under New York Labor Law**

85. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

86. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

87. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

88. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

89. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

90. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

91. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
92. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).
93. Defendants are liable to Plaintiff in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYSHRL

109. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.
110. The NYSHRL prohibits employers from discriminating against any individual in the terms, conditions, and privileges of employment because of such individual's sex.
111. Plaintiff is an employee and a qualified person within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.
112. Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment, in the form of sexual harassment and sexual assault due to her **sex (female)**.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Declaring that Defendants engaged in unlawful employment practices prohibited

      by the NYSHRL by discriminating against Plaintiff on the basis of her sex/gender and subjecting Plaintiff to sexual harassment and sexual assault in the workplace;

  c.  Awarding Plaintiff's unpaid overtime wages;

  d.  Awarding Plaintiff's unpaid minimum wages;

  e.  Awarding Plaintiff's unpaid spread of hours compensation;

  f.  Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

  g.  Awarding Plaintiffs prejudgment and post-judgment interest;

  h.  Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain, and suffering and injury to her reputation in an amount to be determined;

  i.  Awarding Plaintiff punitive damages;

  j.  Awarding Plaintiffs prejudgment and post-judgment interest;

  k.  Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: April 26, 2022
       Kew Gardens, NY

                              *Roman Avshalumov*
                              Roman Avshalumov (RA 5508)
                              Helen F. Dalton & Associates, P.C.
                              80-02 Kew Gardens Road, Suite 601
                              Kew Gardens, New York 11415
                              Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DELMY JUDITH LOPEZ ZEPEDA individually and on behalf of all others similarly situated,

Plaintiff,

-against-

HALFTIME BAR & GRILL CORP. d/b/a TRYSEAFOOD BAR & GRILL and REGINA MENDEZ, as an individual,

Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**HALFTIME BAR & GRILL CORP. d/b/a TRYSEAFOOD BAR & GRILL**
753 Franklin Ave., Franklin Square, NY 11010

66 Fallon Ave, Elmont, NY, United States, 11003 (DOS ID:5304652)

**REGINA MENDEZ**
753 Franklin Ave., Franklin Square, NY 11010

66 Fallon Ave, Elmont, NY, United States, 11003