UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DELMY JUDITH LOPEZ ZEPEDA,

                                    Plaintiff,

-against-

HALFTIME BAR & GRILL CORP. *doing business as*
TRYSEAFOOD BAR & GRILL and REGINA MENDEZ,

                                      Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**

22-CV-02355 (JMA) (SIL)

FILED
CLERK

4:26 pm, Dec 12, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the motion of Plaintiff Delmy Judith Lopez Zepeda ("Plaintiff" or "Zepeda") for a default judgment against Defendants Halftime Bar & Grill Corp. d/b/a TrySeafood Bar & Grill ("Halftime") and Regina Mendez ("Mendez" and collectively, "Defendants"). (ECF No. 14.) Plaintiff alleges that Defendants failed to: (1) pay her overtime or minimum wages in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 650 et seq.; (2) pay her spread of hours compensation in violation of the NYLL; and (3) provide her with wage notices and wage statements as required by NYLL §§ 195(1) and 195(3), respectively. Plaintiff further alleges that Defendants violated the New York State Human Rights Law ("NYSHRL") by subjecting her to a hostile work environment that manifested itself in the form of sexual harassment and sex/gender discrimination. For the reasons stated herein, Plaintiff's motion for a default judgment is GRANTED against both Defendants as to liability only.

## I. DISCUSSION

### A. <u>Defendants Defaulted</u>

The record reflects that both Defendants were properly served in this action but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds both Defendants in default.

### B. <u>Liability</u>

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>Finkel v. Romanowicz</u>, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. <u>Id.</u> Here, those requirements are met.

#### 1. Liability under FLSA and NYLL

The Court finds that the well-pleaded allegations in the Complaint meet the jurisdictional prerequisites of the relevant FLSA and NYLL provisions. <u>See</u> 29 U.S.C. §§ 206(a), 207(a)(1); NYLL §§ 2, 190 to 199-A; <u>see</u> <u>Guerrero v. Danny's Furniture Inc.</u>, No. 19-cv-7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021). The Court further finds that the Complaint's allegations constitute violations of the minimum wage and overtime provisions of the FLSA, <u>see</u> 29 U.S.C. §§ 206(a), 207(a)(1), 255(a), and of the minimum wage, overtime, spread of hours, wage notice, and wage statement provisions of the NYLL, <u>see</u> NYLL §§ 190 to 199-A, 650, 652(1), 663, 195(1), 195(3). <u>See</u> <u>Guerrero</u>, 2021 WL 4155124, at *2.

#### 2. Liability under NYSHRL

The Complaint also asserts a claim for sex/gender discrimination in violation of the NYSHRL. (<u>See</u> <u>generally</u>, ECF No. 1.) The Court finds that Defendant Halftime is a "covered employer" by the provisions of the NYSHRL. <u>See</u> N.Y. Exec. L. § 292.5. The Court further finds

2

that Plaintiff's allegations in her Complaint are sufficient to state a claim for sex discrimination.[1] See Torres v. Pisano, 116 F.3d 625, 629 n.1 (2d Cir. 1997), accord Pryor v. Jaffe & Asher, LLP, 992 F. Supp. 2d 252, 256 (S.D.N.Y. Jan. 15, 2014); see also Antoine v. Brooklyn Maids 26, Inc., 489 F. Supp. 3d 68, 105 (E.D.N.Y. 2020); Brito v. Marina's Bakery Corp., No. 19-cv-00828, 2022 WL 875099, at *13 (E.D.N.Y. Mar. 24, 2022).

## II.  CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted as to liability only.  Within one week of the entry of this Order, Plaintiff's counsel is directed to submit an affidavit, sworn to by Plaintiff, specifying the basis for, and specific amount of, damages sought in this matter.

**SO ORDERED.**

Dated:  December 12, 2022
Central Islip, New York

                                                                  /s/     (JMA)
                                                                  JOAN M. AZRACK
                                                                  UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's claims of sexual harassment and hostile work environment fall under her NYSHRL sex/gender discrimination claim.