UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DELMY JUDITH LOPEZ ZEPEDA,

                               Plaintiff,

      -against-

HALFTIME BAR & GRILL CORP. *doing business as*
TRYSEAFOOD BAR & GRILL and REGINA MENDEZ,

                               Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-02355 (JMA) (SIL)

FILED
CLERK
12:23 pm, Jan 18, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Before the Court is the Declaration of Plaintiff Delmy Judith Lopez Zepeda ("Plaintiff" or "Zepeda"), submitted in connection with her motion for a default judgment against Defendants Halftime Bar & Grill Corp. d/b/a TrySeafood Bar & Grill ("Halftime") and Regina Mendez ("Mendez" and collectively, "Defendants"). (ECF No. 20-1 ("Pl.'s Decl.").) On April 26, 2022, Plaintiff filed a Complaint against Defendants, wherein she alleged that they failed to: (1) pay her overtime or minimum wages in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 650 et seq.; (2) pay her spread of hours compensation in violation of the NYLL; and (3) provide her with wage notices and wage statements as required by NYLL §§ 195(1) and 195(3), respectively. Plaintiff further alleged that Defendants violated the New York State Human Rights Law ("NYSHRL") by subjecting her to a hostile work environment that manifested itself in the form of sexual harassment and sex/gender discrimination.

      On October 25, 2022, after the time for Defendants to answer or otherwise move against the Complaint had elapsed, Plaintiff filed her motion for a default judgment. (ECF No. 14.) The Court granted Plaintiff's motion as to liability only on December 12, 2022, and directed Plaintiff's counsel to "submit an affidavit, sworn to by Plaintiff, specifying the basis for, and specific amount

of, damages sought in this matter." (See ECF No. 18.)  For the reasons stated herein, and based on this Court's prior grant of Plaintiff's motion for a default judgment as to liability, Plaintiff is awarded damages in the amount of $96,755.18 against both Defendants.

## I. DISCUSSION

### A. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'"  Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).  The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence.  See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

Plaintiff now requests an award of monetary damages in the amount of $96,755.18 plus post-judgment interest against Defendants, jointly and severally, for violations of the FLSA, NYLL, and NYSHRL.  (See Pl.'s Decl.; ECF No. 15 ("Scher Aff."), Ex. H.)

### 1. FLSA and NYLL Damages

Plaintiff first seeks damages for her wage-and-hour claims under the FLSA and NYLL. (ECF No. 16 ("Pl.'s Mem."), at 17-26.)  Plaintiff has submitted a sworn statement with best estimates of the days of the week and hours worked by Plaintiff.  (Pl.'s Decl.).  The Court accepts

these as best estimates. Accordingly, the Court finds that the submissions in Plaintiff's motion for default judgment establish the following damages to a reasonable certainty:

    i.    $25,739.73 as to unpaid minimum and overtime wages

   ii.    $3,522.86 as to unpaid spread of hours compensation

  iii.    $29,262.59 as to liquidated damages

  iv.    $5,000.00 as to wage statement damages

   v.    $5,000.00 as to wage notice damages

The Court does not award Plaintiff prejudgment interest because, while she requested prejudgment interest in the operative Complaint, she appears to have abandoned that request in the instant default judgment motion. (See Pl.'s Mem.)

**2. NYSHRL Damages**

Under the NYSHRL a plaintiff is generally – but not automatically – entitled to an award of back pay from the date of termination to the date of the judgment. Chen v. Marvel Food Services LLC, No. 15-cv-6206, 2022 WL 4226098, at *2 (E.D.N.Y. Sept. 9, 2022) (citing DeCurtis v. Upward Bound Int'l, Inc., No. 09-cv-5378, 2011 WL 4549412, at *3 (S.D.N.Y. 2011)); see also Antoine, 489 F. Supp. 3d at 92. As a victim of employment discrimination, a plaintiff is entitled to reasonable damages that would make the plaintiff "whole for injuries suffered on account of unlawful employment discrimination." Chen, 2022 WL 4226098, at *2 (quoting Moore v. Houlihan's Restaurant, Inc., No. 07-cv-3129, 2011 WL 2470023, at *4 (E.D.N.Y. May 10, 2011)).

"To determine lost back pay, a plaintiff's base annual compensation at the time of the termination is multiplied by the length of time between termination and trial or here, the inquest." Gutierrez v. Taxi Club Mgt., Inc., No. 17-cv-532, 2018 WL 3432786, at *7 (E.D.N.Y. Jun. 25, 2018), report and recommendation adopted, 2018 WL 3429903 (E.D.N.Y. Jul. 16, 2018); see also Saulpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 145 (2d Cir. 1993).

Here, Plaintiff seeks economic damages in the amount of $3,230.00 under the NYSHRL for lost wages and back pay. (Scher Aff. ¶ 3, Ex. H.) Having reviewed Plaintiff's calculations, and because awards of back pay and lost wages are "generally awarded absent special circumstances," Antoine, 489 F. Supp. 3d at 92 (citing DeCurtis, 2011 WL 4549412, at *3), the Court awards Plaintiff back pay and lost wages in the amount of $3,230.00.

3. **Emotional Distress Damages**

For "garden variety" emotional distress claims, where a plaintiff did not seek medical treatment but the plaintiff's declaration describes "shock, nightmares, sleeplessness, humiliation, and other subjective distress, courts have awarded damages ranging from $5,000 to $35,000." Chen, 2022 WL 4226098, at *3 (quoting Antoine, 489 F. Supp. 3d at 96).

Here, the Court finds that the details contained in Plaintiff's declaration are sufficient to support her request for $25,000 for her garden variety damages and awards her emotional distress damages in that amount. See, e.g., Setty v. Synergy Fitness, No. 17-cv-6504, 2019 WL 1292431, at *5 (E.D.N.Y. Mar. 21, 2019) (adopting magistrate judge's recommendations of garden variety emotional distress damage awards of $35,000 for one of three plaintiffs and $25,000 to each additional plaintiff); Pelgrift v. 355 W. 41st Tavern, Inc., No. 14-cv-8934, 2018 WL 4735705, at *6 (S.D.N.Y. Sept. 30, 2018) (awarding one of three default-judgment-seeking plaintiffs $20,000 in "garden variety" emotional distress damages and $40,000 to each additional plaintiff).[1]

## II. CONCLUSION

For the reasons stated above, the Court awards Plaintiff damages in the amount of $96,755.18, to be paid by Defendants Halftime Bar & Grill Corp. d/b/a TrySeafood Bar & Grill and Regina Mendez. Defendants are jointly and severally liable to Plaintiff for: (1) $25,739.73 in unpaid minimum and overtime wages under the FLSA and NYLL; (2) $3,522.86 in unpaid spread

---

[1] Plaintiff does not seek an award of attorney's fees or costs pursuant to the NYLL.

of hours compensation under the NYLL; (3) an additional $29,262.59 in liquidated damages; (4) $5,000.00 for Defendants' violation of NYLL § 195(1)(a); (5) $5,000.00 for Defendants' violation of NYLL § 195(3); (6) $3,230 in back pay and lost wages; and (7) $25,000 in emotional distress damages. The Court further orders Defendants to pay Plaintiff post-judgment interest calculated from the date judgment is entered in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.

The Clerk of the Court is directed to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: January 18, 2023
Central Islip, New York

                                                                          /s/    (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE